## CYRUS K. MORRELL *vs.* THE TRENTON MUTUAL LIFE AND FIRE INSURANCE COMPANY.

A creditor of a firm has an insurable interest in the life of one of the partners thereof, although the other partner may be entirely able to pay the debt, and the estate of the insured perfectly solvent; and he may recover the whole amount insured.

ACTION on a policy of life insurance, issued by the defendant company, February 16, 1850, insuring the plaintiff, in the sum of $1,000, on the life of William C. Morrell, with leave to make a journey to California and back, and also to reside there.

On the trial in this court, before *Bigelow*, J. it was proved or admitted, that said William C. Morrell, died near Sacramento, in the State of California, on the 12th of May, 1850; that due notice of his death was given, and payment demanded, before the action was commenced. It appeared by the evidence of John H. Morrell, (who with the said William C. composed the firm of Morrell and company,) that prior to the

issuing of said policy, it was agreed between the plaintiff and the said William C., that the latter should work in the California mines one year, and that one fourth part of the proceeds of his labor there should belong to the plaintiff, and that, as a consideration therefor, the plaintiff was to labor for the said William C. in the store of Morrell and company, and that said arrangement was assented to by the other partner, John H. Morrell.

It further appeared, that the plaintiff did in fact labor in said store for the said William C. Morrell, by virtue of said agreement, till the news of the death of the said William C. was received, which was in July, 1850. It also appeared in evidence, that, on the 22d day of January, 1849, the said firm of Morrell and company, purchased of the plaintiff a stock of goods and gave him their note for $2,000, which note was unpaid, except one year's interest thereon, at the time of the death of the said William C., and at the trial of this suit. No administrator of the estate of the said William C. Morrell was ever appointed, and the father of the said William C. was the only heir to his estate. It was agreed, that the estate of the said William C. was more than sufficient to pay all his debts and liabilities.

On the 9th day of September, 1850, it was agreed between said John H. Morrell, and the father of the said William C., that the said John H. should take to himself all the property of the said William C., and that he should assume and pay his debts, and should moreover pay his father the further sum of $300, and the plaintiff knew of, and did not object to, said arrangement. Upon these facts, the presiding judge ruled that the plaintiff had an insurable interest in the life of the said William C. and was entitled to a verdict for the full amount insured. The verdict therefore being for the plaintiff, the defendants alleged exceptions.

*A. H. Nelson*, for the defendants.

*J. G. Abbott*, for the plaintiff.

Shaw, C. J. The court are of opinion, that upon the facts stated, the plaintiff had an interest such as is recognized as a good insurable interest in the life of the person on which

this policy was made by the defendant company to the plaintiff. He held a promissory note signed by a firm, of which the said William C. Morrell was one of the partners, to an amount larger than the amount insured; this was due and owing at the time the insurance was made; at the death of the party whose life was insured, and at the time of the trial. Each partner is a debtor *in solido* to the whole amount of a joint debt. It is no answer we think, that the estate of the deceased was solvent, and that the other joint debtor might be able to pay it; it was enough we think, that by the contract of the defendants, made on a valuable consideration, they guaranteed to the plaintiff that if his debtor should die within the time, and the debt remained unpaid, they would pay the amount stipulated. *Anderson* v. *Edie*, cited in Park on Ins. 640 ; *Tidswell* v. *Ankerstein*, Peake's Cas. 151.

But the court are strongly inclined to the opinion, that the plaintiff had another interest in the life of the person, on whose life he was insured by the defendants. He had a subsisting contract with that person, made on a valuable consideration, by which he was to receive one quarter part of his earnings in the mines of California for one year. Such an interest cannot, from its nature, be valued or apportioned. It was an interest upon which the policy attached. By the loss of his life within the year, the person whose life was insured lost the means of earning any thing more, and the plaintiff was deprived of receiving his share of such earnings, to an uncertain and indefinite amount.

*Exceptions overruled.*